Filed 4/20/26  In re M.C. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re M.C., a Person Coming Under the Juvenile Court Law. | |
| ALAMEDA COUNTY SOCIAL SERVICES AGENCY,<br><br>        Plaintiff and Respondent,<br>v.<br>S.C.,<br><br>        Defendant and Appellant. | A173979<br><br>(Alameda County<br>Super. Ct. No.  JD-039238-01) |

S.C. appeals from the juvenile court's jurisdictional and dispositional orders in this Welfare and Institutions Code section 300[1] petition regarding M.C. (Minor).  We hold that S.C.'s appeal of the jurisdictional order is moot and he lacks standing to appeal the dispositional order, and we therefore dismiss the appeal.

BACKGROUND

We recite only those background facts relevant to our consideration of this appeal.  In April 2025, the Alameda County Social Services Agency

---

[1] All undesignated statutory references are to the Welfare and Institutions Code.

1

(Agency) filed a section 300 petition regarding Minor, a newborn. The petition identified S.C. as the alleged father. As subsequently amended, the petition included allegations that S.C. "has distinct and persistent mental health issues" and further "has active substance use (alcohol) issues," both of which inhibit his ability to safely parent Minor and place Minor at substantial risk of abuse or neglect.

At a May 2025 jurisdiction/disposition hearing, S.C. was present with his attorney. S.C. testified that he was not married to Minor's mother (Mother); during her pregnancy, Mother told him Minor might not be his child; and he was at the hospital with Mother when Minor was born. The juvenile court ordered paternity testing for S.C. and continued the hearing.

In June 2025, at the continued jurisdiction/disposition hearing, S.C. was present but had missed the scheduled paternity test. The Agency social worker represented that S.C. had said his missing the test was "alcohol related." S.C.'s attorney requested the court maintain the order for paternity testing, and otherwise submitted. The juvenile court sustained the allegations of the amended petition as to S.C. and sustained additional allegations as to Mother. The court removed Minor from the physical custody of Mother and S.C., and ordered reunification services for Mother but not S.C. S.C. appealed.

## DISCUSSION

S.C.'s primary challenge is that, as an alleged father, he was not Minor's "parent" within the meaning of the relevant statutes. He argues that, therefore, either the court lacked statutory authorization to issue such orders as to him or the orders were not supported by substantial evidence that he was Minor's "parent." He also argues that the court erroneously

accepted his counsel's submission at the continued jurisdiction/disposition hearing.

The jurisdictional order sustained findings as to both S.C. and Mother. "[T]he principle that '[d]ependency jurisdiction attaches to a child, not to his or her parent' [citation], means that ' "[a]s long as there is one unassailable jurisdictional finding, it is immaterial that another might be inappropriate" ' [citation]. Thus, where jurisdictional findings have been made as to both parents but only one parent brings a challenge, the appeal may be rendered moot." (*In re D.P.* (2023) 14 Cal.5th 266, 283.) Mother has not appealed the court's order. Accordingly, because the jurisdictional order is supported by the unchallenged findings as to Mother, S.C.'s appeal of the jurisdictional order may be moot.

As S.C. argues, "a case is not moot where a court can provide the plaintiff with ' "effect[ive] relief." ' " (*In re D.P.*, *supra*, 14 Cal.5th at p. 277.) For example, as a general matter, "where a jurisdictional finding 'serves as the basis for dispositional orders that are also challenged on appeal' [citation], the appeal is not moot." (*Id.* at p. 283.) S.C. does also challenge the dispositional order on appeal. However, we conclude that he lacks standing to assert this challenge.

"The dependency statutes distinguish between the rights of alleged, biological, and presumed fathers. [Citation.] An alleged father is one who has not established paternity." (*In re G.R.* (2024) 106 Cal.App.5th 96, 99.) "Under the dependency statutes, an alleged father is entitled to notice of the proceedings so that he may appear, assert his position, and attempt to establish paternity. [Citation.] Unless and until an alleged father becomes a presumed father, he has no rights to custody, reunification services, or visits." (*Ibid.*)

"Only a party aggrieved by the court's order may appeal it." (*In re G.R.*, *supra*, 106 Cal.App.5th at p. 99.) Because S.C., as an alleged father, had no right to custody, services, or visitation, he was not aggrieved by the court's dispositional order removing Minor from his custody. Our holding is not that alleged fathers *always* lack standing, but rather that S.C. lacks standing to appeal the dispositional order because his status as an alleged father meant he was not aggrieved by the order. The cases relied on by S.C. finding alleged fathers have standing where they were aggrieved by the challenged orders are therefore inapposite. (See, e.g., *In re J.W.-P.* (2020) 54 Cal.App.5th 298, 300 [alleged father has standing to challenge order dismissing dependency proceeding with permanent plan of guardianship where "the trial court clerk never provided father with notice of the procedure he should follow to establish that he is minor's father and to protect his parental rights"]; *In re Paul H.* (2003) 111 Cal.App.4th 753, 755, 759 [alleged father has standing to appeal order terminating his parental rights on the ground that "the juvenile court erred by failing to order paternity testing and by failing to appoint counsel to represent him" when he "took immediate steps to become a party once he was notified of the dependency proceedings[,] . . . contacted the social worker, appeared at the next court hearing, communicated to the court that he might be the minor's father and attempted to complete paternity testing"].)

S.C. requests judicial notice of an order—issued after the appealed-from orders—that elevated S.C. to presumed father status and ordered reunification services and visitation for S.C. "Ordinarily, appellate courts review a trial court's judgment based on the record as it existed when the trial court ruled." (*In re Kenneth D.* (2024) 16 Cal.5th 1087, 1102.) Even if we considered this subsequent order, it would not save S.C.'s appeal of the

4

dispositional order. To the contrary, now that S.C. has been elevated to presumed father status and the juvenile court has issued new dispositional orders reflecting his change in status, his challenge that the appealed-from dispositional order impermissibly applied to him as an alleged father no longer presents a live controversy.

In sum, we deny S.C.'s request for judicial notice, we hold S.C.'s appeal of the jurisdictional order is moot and we decline to exercise our discretion to consider the moot appeal, and we hold S.C. lacks standing to appeal the dispositional order.

DISPOSITION

The appeal is dismissed.

SIMONS, J.

We concur.

JACKSON, P. J.
BURNS, J.

(A173979)